HECK *v.* BAILEY.

1. DIVORCE—CHANCERY COURTS—JURISDICTION.
    The jurisdiction of the circuit courts in chancery in this State in divorce proceedings is entirely statutory.

2. SAME—JUDGMENT—OPINION—ENTERING DECREE.
    In divorce proceedings, announcement by the judge, at the conclusion of the testimony, that defendant wife was entitled to a divorce on her cross-bill may be disregarded where, pending property settlement, no decree was entered until after plaintiff's death, since courts do not speak through their opinions, but through their judgments and decrees.

3. SAME—ALIMONY—JUDGMENT—DEATH OF PARTY.
    Where plaintiff husband died pending divorce proceedings, no decree for alimony could thereafter be entered, and defendant was entitled as widow to her interest in the husband's estate.

Case-made from Ingham; Collingwood, J. Submitted October 11, 1918. (Docket No. 41.) Decided December 27, 1918.

Bill by John J. Bailey against Dorothy M. Bailey for a divorce. Defendant filed a cross-bill for a divorce and alimony. Between the time of the hearing and the date of decree, plaintiff died, and George R. Heck, special administrator, was allowed to intervene in behalf of plaintiff's estate. From a decree awarding alimony, plaintiff administrator appeals. Reversed.

*Louis E. Howlett* and *George R. Heck,* for appellant.

*Warner & Raudabaugh,* for appellee.

BROOKE, J. Plaintiff, special administrator of the

estate of John J. Bailey, deceased, was by order of the court permitted to intervene in and on behalf of all persons interested in said estate for the purpose of reviewing in this court the decree rendered in the court below. It appears that plaintiff's decedent, John J. Bailey, on July 8, 1917, filed a bill for divorce in the circuit court for the county of Ingham against his wife, Dorothy M. Bailey, defendant. On the 9th day of July defendant filed an answer and cross-bill. In her cross-bill she charged plaintiff with extreme cruelty and nonsupport and prayed for a decree of divorce and for alimony. This cross-bill was answered by John J. Bailey and the case came on to be heard on the 10th day of October, 1917. Two days were consumed in the hearing and on the 12th of October, 1917, the learned circuit judge announced orally that he was convinced: "Plaintiff's bill of divorce should not be granted." He further announced that:

"Dorothy M. Bailey is entitled to a divorce on the grounds as is shown by the proofs in this case, of extreme cruelty, of nonsupport and desertion. * * *

"The older children have shown a splendid loyalty to their mother, and the decree of divorce will be signed. The only question that remains is as to the property. * * *

"I will listen to counsel for a few minutes in regard to what they consider a fair distribution of this property. I want to be fair to Mr. Bailey and to Mrs. Bailey. Perhaps you have thought more about the subject than I have, and perhaps you are better able to make a decision than I am, and I will listen to you."

There the matter rested from October 12, 1917, to February 9, 1918, when, on application of counsel for defendant, a decree was entered in which is recited the oral opinion of the judge as announced on October 12, 1917; the facts found by the court under

the proofs offered; a recitation of the property owned by John J. Bailey and an award of the major portion thereof to the defendant. In the decree after the recitations appears the following:

"Now, it is hereby ordered, adjudged and decreed that in lieu of payment of alimony by plaintiff to said defendant, that there be set off to her in her own right in fee simple the following described real estate, to wit:"

Then follows a description of the property and a further order for costs. The decree is silent as to any divorce between the parties and is not filed or entered *nunc pro tunc* as of the 12th of October, 1917, but was apparently filed and entered as of the day it bears date, February 9, 1918. In the meantime and on the 26th day of October, 1917, John J. Bailey, plaintiff in the divorce case, died, leaving a last will and testament which was subsequently duly admitted to probate in the probate court for the county of Livingston and an appeal from such allowance was perfected to the circuit court.

It is elementary that the jurisdiction of the circuit courts in chancery in this State in divorce proceedings is entirely statutory. *Maslen* v. *Anderson,* 163 Mich. 477, and cases cited. In *Judson* v. *Judson,* 171 Mich. 185, this court said:

"In the absence of appropriate legislation, alimony cannot be allowed, independent of divorce proceedings and existence of the marriage relation, in courts of equity," citing cases.

The statute, 3 Comp. Laws 1915, § 11436, provides:

"When any decree of divorce is hereafter granted in any of the courts of this State, it shall be the duty of the court granting such decree to include in it a provision in lieu of the dower of the wife in the property of the husband and such provisions shall be in full

satisfaction of all claims that the wife may have in any property that the husband owns or may hereafter own or in which he may have any interest."

It is to be noted that the decree under consideration here is silent as to a divorce between the parties and it must of necessity have been so since the marriage relations existing between the parties had theretofore been ended by the death of John J. Bailey, the husband. Courts do not speak through their opinions but through their judgments and decrees (15 R. C. L. p. 570, § 31), therefore the announcement of the learned circuit judge at the conclusion of the testimony may be disregarded. In the case of *Wilson* v. *Wilson,* 73 Mich. 620, a decree of divorce was granted after the death of complainant (but by order of the court relating to a period prior to his death), in which alimony was allowed to defendant. Mr. Justice CAMPBELL there said:

"The bill and answer below were simple divorce proceedings, aimed at no relief not dependent on divorce. In such a case there can be no decree after death has separated the parties. The doctrine of relation does not apply in such a case. There must be living parties, or there can be no relationship to be divorced. *Zoellner* v. *Zoellner,* 46 Mich. 511 (9 N. W. 831). It follows that, as the parties were still husband and wife when the husband died, she has all the rights and conditions of any other widow. It is fallacious to claim that a decree apparently rendered during complainant's life, and therefore apparently valid, cannot be appealed from. An appeal lies from every decree in chancery which purports to be final, and its illegality is a conclusive reason why it should be reversed, as this decree must be."

The law as laid down in this case has so far as we are advised never been questioned in this State, nor does there appear to be any good reason why it should be. The defendant, Dorothy M. Bailey, was on the day

the decree was entered the widow of John J. Bailey and as such widow was entitled to her interest in her husband's estate.

The decree is reversed, with costs to appellant.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, FEL-LOWS, STONE, and KUHN, JJ., concurred.