HARNAU v. HAIGHT.

1. JUDGMENT—COURTS.
    Courts speak not through their opinions, but through their judgments and decrees.

2. FRAUDULENT CONVEYANCES—JUDGMENT—DECREE OF SUPREME COURT EFFECTIVE.
    Where by the decree of the court below certain stock and other assets of a corporation were impounded, and by decree of the Supreme Court on appeal, said stock was ordered transferred to defendant on the books of said company and an *alias* execution directed to issue in favor of plaintiff, but after the opinion was filed and pending settlement of the decree in this court said stock was restored to defendant and sold to satisfy the judgment of another creditor, said sale will be set aside and the decree of this court given effect.

Bill by Peter Harnau against Louis P. Haight and others in the nature of a judgment creditor's bill. A decree was entered in the Supreme Court for plaintiff. On motion to set aside a sale of corporate stock in violation of said decree. Submitted October 5, 1920. (Calendar No. 28,939.) Motion granted October 15, 1920. Rehearing denied December 21, 1920.

*Turner & Turner,* for plaintiff.

*Carpenter & Jackson,* for defendants.

BROOKE, J. By the decree of the court below in this case a receiver was appointed to take over the property of the defendant corporation, the Muskegon Knitting Mills, and to make use of the receipts and assets thereof for the following purposes, and in the order given:

"1. To take care of the running expenses of the plant.

"2. To pay all legitimate expenses of the receivership.

"3. To pay all claims and accounts secured and unsecured which have accrued subsequently to the incorporation of the Muskegon Knitting Mills, and now held by persons or parties who are not now, nor ever have been holders of any of the capital stock of the Muskegon Knitting Mills, either common or preferred and who are strangers to this suit.

"4. To pay the claims of the plaintiff in this case, with interest and costs of suit to be taxed."

On appeal to this court (209 Mich. 604), that decree was set aside, but other relief was given to the plaintiff. In an opinion filed on the 10th day of April, 1920, it is stated:

"The transfer of all the common stock is set aside and the stock will be returned to Mr. Haight and will be placed in the name of Louis P. Haight upon the books of the corporation. Upon that being done an *alias* execution may be issued upon plaintiff's judgment and levied upon such, stock in accordance with the statute."

Shortly after the filing of said opinion a motion for rehearing was made, which was denied on or about the 18th day of June. No decree in this court was entered until August 6, 1920. Paragraph 3 of the decree is as follows:

"That a transfer of all the common stock of the defendant corporation, The Muskegon Knitting Mills, namely: $48,000 be returned to the defendant Louis P. Haight and that the same be placed on the books of the defendant corporation, The Muskegon Knitting Mills, in the name of the defendant Louis P. Haight, and that an *alias* execution issue in favor of the plaintiff Peter Harnau for the amount of his judgment rendered by the circuit court of the county of Muskegon on the 16th day of February, A. D. 1916, against the defendant Louis P. Haight for the sum of $3,956.47, damages and costs of $60.80, making in all, damages

and costs, the sum of $4,017.27, at the date of the judgment; which sum with interest thereon from that time to this date (a period of four years, two months and twenty-four days), with interest at the rate of 5% per annum, now amounts to the sum of $4,867.47, may issue out of and under the seal of the circuit court for the county of Muskegon, on said judgment and be levied on said stock in accordance with the statute in such case, to enable the plaintiff to obtain satisfaction of his said judgment, with interest thereon, until the same shall be satisfied."

Prior to the settlement of said decree, counsel for defendant proposed certain amendments thereto, to be considered by this court on August 2d. A part of the second amendment proposed follows:

"* * * (that said stock) be transferred to the defendant Louis P. Haight on the books of the corporation as subject to levy in behalf of his creditors."

This amendment was declined by the court and the decree entered as above indicated.

In the meantime, and on the 22d day of June, 1920 (four days after the denial of the motion for rehearing), it appears that Mr. Carpenter, attorney for the defendants, caused said stock to be placed in the name of the defendant Louis P. Haight on the books of the corporation; and on that day a levy was made upon said stock under a judgment in which William Van-Sluyter was plaintiff and Louis P. Haight the defendant, the amount of said judgment with costs being $1,868.77. Mr. R. J. Cleland, an attorney of Grand Rapids, was acting for that judgment creditor. On July 7, 1920, a sale of said stock was made under said levy in the sheriff's office, at which sale said attorney bought in said stock for the amount of the judgment and immediately turned the sum over to defendant Grace C. Haight, accepting from her a promissory note for the payment of the amount of the judgment and holding the stock himself as collateral to said note.

Plaintiff now moves this court for an order setting aside said pretended sale and for a mandate of this court, commanding said Carpenter to cause said stock to again be placed upon the books of the defendant company, the Muskegon Knitting Mills, there to be levied upon by an *alias* execution in favor of plaintiff, as commanded by the decree entered in this court herein. We are of the opinion that the prayer of this petition should be granted. We are advised by the answer of Mr. Cleland that he acted in the matter in good faith and without knowledge of any facts which should prevent him from endeavoring to collect the amount of his client's judgment. We accept Mr. Cleland's statements at their face value and acquit him of any intention of wrongdoing in the premises.

At the time (June 22, 1920) when Mr. Carpenter caused the stock to be transferred on the books of the corporation and permitted it to be levied upon to satisfy the VanSluyter judgment, no decree had been rendered in this court. The decree of the circuit court was yet in full force and effect and the entire assets of the corporation were impounded by the terms of that decree for the purposes mentioned therein. Courts speak not through their opinions, but through their judgments and decrees. 29 Cyc., p. 1499, and cases there cited. See, also, *Steele* v. *Bliss*, 170 Mich. 175; *Newbould* v. *Stewart*, 15 Mich. 155; *Bancroft* v. *Board of Regents*, 192 Mich. 168. The entire history of this litigation indicates a studied effort on the part of the defendant Haight to defeat plaintiff's claim, and we are of the opinion that the levy of June 22, 1920, and the pretended sale of July 7, 1920, thereunder, was but a continuance of that policy. It was asserted by Mr. Carpenter in open court that he had no intention of disregarding the orders of this court; but it is difficult to understand how he could on August 2d participate in the settlement of a decree providing for the

levy upon this stock in favor of this plaintiff when he himself had procured a levy on the stock in favor of another creditor on June 22d.

The sale of July 7, 1920, of said stock under the VanSluyter judgment will be set aside and held for naught, the stock will be retransferred upon the books of the defendant Muskegon Knitting Mills to the name of defendant Louis P. Haight, to be levied upon under an *alias* execution in favor of plaintiff in accordance with the terms of the decree. The note given by Grace C. Haight to Attorney Cleland and the stock held by him as security therefor will be returned to Mr. Carpenter. The VanSluyter judgment may be reinstated upon proper application to that end being made. Plaintiff will recover costs against defendant Louis P. Haight on this motion in the sum of $50.

MOORE, C. J., and STEERE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.