TIEDMAN v TIEDMAN

Docket No. 58101. Argued March 2, 1977 (Calendar No. 6).—Decided July 18, 1977.

Barbara Tiedman brought a complaint for divorce against Donald Tiedman. The parties appeared before the Oakland Circuit Court, Robert B. Webster, J., and placed upon the record a property settlement, plaintiff's proofs of the statutory grounds for divorce, and an agreement to withdraw the defendant's pleadings. The judge stated that the court found that the statutory grounds had been satisfied, that the property settlement was approved, and that he would sign a judgment of divorce upon presentation. Six days later the defendant died in a fire. Kenneth Chaffin, special administrator of the defendant's estate, intervened, and the circuit court, holding that its oral pronouncement constituted rendition of a judgment, granted a judgment of divorce, *nunc pro tunc,* although the plaintiff petitioned to dismiss her complaint and asserted that she was the defendant's widow. The Court of Appeals, J. H. Gillis, P. J., and Quinn and Noble, JJ., affirmed per curiam (Docket No. 22813). Plaintiff appeals. *Held:*

1. Where it is contemplated that a judge's oral statement, that a divorce is or will be granted, will be followed by the signing of a judgment, the divorce and property settlement do not become effective until the judgment is signed and cannot be made effective *nunc pro tunc* after one of the parties dies.

2. Courts speak through their judgments and decrees, not their oral statements or written opinions. Generally, a judgment or order is reduced to written form, as was contemplated in this case; until it was reduced to writing and signed, the judgment did not become effective and the parties remained married.

3. A court is without jurisdiction to render a judgment of

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 24 Am Jur 2d, Divorce and Separation §§ 419, 422.

Entering judgment or decree of divorce nunc pro tunc. 19 ALR3d 648.

[2, 4] 46 Am Jur 2d, Judgments § 6.

divorce after the death of one of the parties. There must be living parties, or there can be no relationship.

4. A judgment is the final consideration and determination of a court of competent jurisdiction upon the matters submitted to it. The judge's statement in this case that he would not have reconsidered the matter does not negate his power to have done so. This does not say, however, that a judgment of divorce may not be made effective immediately by a judge's oral statement declaring all the terms of the judgment and that the statement is to be given immediate effect as a judgment of divorce.

5. The divorce and property settlement in this case did not become effective until the judgment was signed and could not be made effective *nunc pro tunc* after one of the parties died.

Reversed.

1. DIVORCE—JUDGMENT—ORAL STATEMENT—NUNC PRO TUNC.

A divorce and property settlement do not become effective until the judgment is signed where it is contemplated that a judge's oral statement, that a divorce is or will be granted, will be followed by the signing of a judgment; the judgment cannot be made effective *nunc pro tunc* after one of the parties dies before it is signed.

2. JUDGMENT—COURTS—ORAL STATEMENTS.

Courts speak through their judgments and decrees, not their oral statements or written opinions.

3. DIVORCE—PARTIES—DEATH—JUDGMENT.

A court is without jurisdiction to render a judgment of divorce after the death of one of the parties; there must be living parties, or there can be no relationship to be divorced.

4. JUDGMENT—COURTS—WORDS AND PHRASES.

A judgment is the final consideration and determination of a court of competent jurisdiction upon the matters submitted to it; until a judgment is signed the judge may change his mind and sign a different judgment.

*Robert E. Stout (Charles J. Porter,* of counsel) for plaintiff.

*Robert D. Coon* for intervenor.

LEVIN, J. In this divorce action, the judge declared, at the conclusion of a hearing, that he

would grant a divorce and approve the agreed-upon property settlement, and would sign a judgment of divorce. The husband died before the judgment was signed.

We hold that where it is contemplated that a judge's oral statement, that a divorce is or will be granted, will be followed by the signing of a judgment, the divorce and property settlement do not become effective until the judgment is signed and cannot be made effective *nunc pro tunc* after one of the parties dies.

## I

Barbara Tiedman commenced this action against Donald Tiedman. The parties and their lawyers appeared in court on October 22, 1974. The lawyers stated the terms of the property settlement; both parties acknowledged the accuracy of the terms stated. Barbara testified briefly regarding the statutory grounds for divorce. The judge then said: "I am satisfied in this matter that the statutory grounds have been made out, there is the requisite breakdown in the marriage relationship and no reasonable likelihood of a preservation of the marriage. I'll approve the property settlement as stated and upon presentation I will sign the judgment of divorce."

Six days later, before a judgment of divorce had been signed, Donald died in a fire. Barbara moved for an order dismissing the complaint for divorce on the ground that she was now a widow.

The judge denied the motion and, on December 30, 1974, a judgment of divorce *nunc pro tunc* was filed, effective October 22, 1974, the date of the hearing. In an accompanying opinion, the judge referred to *LeTarte v LeTarte,* 32 Mich App 289,

292–293; 188 NW2d 673 (1971), where, similarly, the agreed-upon property settlement was read into the record, the judge said a judgment of divorce "will enter upon presentation" of a judgment incorporating the property settlement, and the husband died four days later before a judgment was presented for signature. In that action, however, the trial judge had granted the motion to dismiss. In affirming, the Court of Appeals said that the judge spoke "prospective[ly] only. The judge was merely saying in effect that Mrs. LeTarte was entitled to a divorce and that as soon as he was presented with and signed a judgment, the divorce would be granted", and added: "Also, we are inclined to give great weight to the opinion of the trial judge, since he is the one whose acts are being interpreted." The judge had filed a written opinion declaring that he was convinced there was not at the time of the hearing "a presently operative rendition of judgment which only awaited entry".

In the instant case, in denying Barbara's motion, the judge, in a written opinion, said that he was "constrained to hold that the pronouncement of the court on October 22, 1974 constituted the rendition of a judgment, and that further acts were ministerial in nature". Since he would not, upon motion for entry of judgment, have "permit-[ted] argument beyond the scope of the property settlement and other matters contained within the transcript of the proceedings of October 22, 1974", nothing further remained to be done but acts ministerial in nature.

The Court of Appeals affirmed in an unreported opinion:

"Was the statement by the trial judge at the end of the trial a judgment of divorce? The answer lies in the

language used. We should give great weight to the opinion of the trial judge as to the meaning of that language, since it is his language that we are asked to interpret. *LeTarte v LeTarte,* 32 Mich App 289, 293; 188 NW2d 673, 676 (1971). Plaintiff has failed to persuade us that the trial judge was in error in his interpretation that the language that he used constituted a judgment of divorce."

## II

We are of the opinion that whether a divorce has been granted and the bonds of matrimony finally severed should not depend on verbal differences—whether the judge says, "I *will* grant a judgment of divorce", or "A judgment of divorce *is* granted", or on the judge's later declarations or interpretations of his intended meaning.

After a judge's oral pronouncement that he will sign a judgment of divorce a dispute might arise regarding the meaning of the words used by the lawyers in stating the terms of a property settlement, or the parties might reconcile or, for other reasons, by mutual agreement abandon the action for divorce and resume the marriage relationship. They would not be divorced simply because the judge had said a divorce is or will be granted or that he would sign a judgment of divorce.[1]

---

[1] We appreciate that the parties may, after such an oral statement, continue to live apart, effectuate the terms of a property settlement and purport to enter into new marriage relationships despite the failure of counsel to obtain a signed judgment of divorce.

Whether parties who in good faith have *acted* on the strength of a judge's oral statement that a divorce is or will be granted should be deemed to be divorced is a question different from the one here presented where the terms of the agreed-upon property settlement were not consummated or other action taken in the good faith belief that a divorce had been granted. *See* Clark on Domestic Relations, § 11.3, pp 298–299. *See also Blickle v Kent Probate Judge,* 211 Mich 216; 178 NW 680 (1920); and *Lewis v Wayne County Sheriff,* 335 Mich 640, 642; 56 NW2d 211 (1953), where persons were confined on oral statements without the entry of written orders, and this Court held

The rule is well established that courts speak through their judgments and decrees, not their oral statements or written opinions.[2] Generally, a judgment or order is reduced to written form, as was contemplated in this case; until reduced to writing and signed, the judgment did not become effective and the parties remained married.

A court is without jurisdiction to render a judgment of divorce after the death of one of the parties. "There must be living parties, or there can be no relationship to be divorced." *Wilson v Wilson,* 73 Mich 620, 621; 41 NW 817 (1889).[3]

"A judgment is the final consideration and determination of a court of competent jurisdiction upon the matters submitted to it" *(Whitwell & Hoover v Emory,* 3 Mich 84, 88 [1854]); until a judgment is signed the judge may change his mind and sign a different judgment. The judge's statement in this case that he would not have reconsidered the matter does not negate his power to have done so.

In *Heck v Bailey,* 204 Mich 54, 57; 169 NW 940 (1918), an action for divorce, the judge, after taking proofs, declared that Mrs. Bailey "is entitled to a divorce", and then heard proofs concerning a fair distribution of the property but did not announce a further decision until after Mr. Bailey's death. This Court set aside a judgment entered after his death awarding Mrs. Bailey a major portion of her deceased husband's property in lieu of alimony, and said:

"It is to be noted that the decree under consideration

---

that the action taken in reliance on the judge's oral statement was lawful.

[2] *Heck v Bailey,* 204 Mich 54, 57; 169 NW 940 (1918); *Miskinis v Bement,* 325 Mich 404, 405; 38 NW2d 897 (1949); *Harnau v Haight,* 212 Mich 66, 69; 179 NW 473 (1920).

[3] *Similarly, see Heck v Bailey, supra,* p 57.

here is silent as to a divorce between the parties and it must of necessity have been so since the marriage relations existing between the parties had theretofore been ended by the death of John J. Bailey, the husband. Courts do not speak through their opinions but through their judgments and decrees (15 RCL, Judgment, § 3, p 570), therefore the announcement of the learned circuit judge at the conclusion of the testimony may be disregarded."

In the instant case, it was beyond the court's power after Donald Tiedman's death to enter a judgment of divorce or to order a property settlement or to have ordered payment of alimony. This is also the rule in other jurisdictions.[4]

We do not wish to be understood as saying that a judgment of divorce may not be made effective immediately by a judge's oral statement. If the judge were to read into the record all the terms of a judgment of divorce, and declare that such statement is to be given immediate effect as a judgment of divorce without further action or signing of a written judgment, such an oral declaration might be as fully effective as a written judgment of divorce.

Reversed, costs to appellant.

KAVANAGH, C. J., and WILLIAMS, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred with LEVIN, J.

---

[4] " 'His mere oral announcement of the decision and the grounds upon which it is based is not controlling. The whole matter is completely under his control, and is subject to be altered, changed, or even disregarded, until the written decree is approved and filed for record.' " *Richmond v Richmond,* 326 Ill App 234, 239; 61 NE2d 573, 575 (1945); *State, ex rel Tufton v Superior Court,* 46 Wash 395, 398–399; 90 P 258 (1907); 24 Am Jur 2d, Divorce & Separation, § 422. *See, also, Young v Young,* 165 Mo 624; 65 SW 1016 (1901).