TOKAR v ALBERY

Docket No. 238946. Submitted August 7, 2003, at Detroit. Decided September 4, 2003, at 9:00 A.M.

Patricia A. Tokar brought an action seeking a divorce in the Oakland Circuit Court from her husband, Thomas Tokar. The parties agreed to arbitrate disputed property issues pursuant to MCL 600.5001 *et seq.* After the arbitrator rendered her proposed award, but before the trial court entered a judgment of divorce, Thomas Tokar died. The decedent's attorney filed a motion to confirm the arbitration award and enter a judgment of divorce. The court, Colleen A. O'Brien, J., denied the motion, concluding that it lost jurisdiction over the action on the death of the decedent. Stephen C. Albery, as personal representative of the decedent's estate, appealed.

The Court of Appeals *held*:

Pursuant to the clear language of the statutes and court rule governing arbitration, an arbitration award, standing alone, does not constitute a judgment of divorce, and an award is only effective after a trial court enters a judgment of divorce incorporating the award. MCL 600.5025; MCR 3.602. However, a court is without jurisdiction to render a judgment of divorce after the death of one of the parties. Because the decedent died before entry of the judgment of divorce in this case, the trial court no longer had jurisdiction to render a judgment of divorce and confirm the arbitration award. The exceptions to this jurisdictional rule do not apply in this case because entry of the judgment of divorce and confirmation of the award was not a "ministerial" act since the trial court had not yet made any of the required factual findings under MCL 552.6, and the parties apparently disputed some provisions of the arbitration award. Furthermore, the estate failed to demonstrate that the decedent substantially relied on the arbitration award in paying off the mortgage on the parties' marital home.

Affirmed.

DIVORCE — ARBITRATION AWARDS — CONFIRMATION — DEATH OF A PARTY.

A trial court lacks jurisdiction to render a judgment of divorce and confirm an arbitration award where one party dies after arbitration but before entry of the judgment of divorce.

*Beadle, Burket, Sweet & Savage, P.L.C.* (by *Thomas L. Beadle*), for the plaintiff.

*Williams, Williams, Ruby & Plunkett, P.C.* (by *James P. Cunningham*), for the defendant.

Before: JANSEN, P.J., and NEFF and KELLY, JJ.

KELLY, J. Defendant, Stephen C. Albery, personal representative of the estate of Thomas Tokar, deceased, appeals as of right the trial court's order denying a motion brought by decedent's attorney to confirm an arbitration award.[1] The trial court concluded it lost jurisdiction when decedent died after the arbitration award was filed, but before the judgment of divorce was entered. We affirm.

I. BASIC FACTS

Plaintiff Patricia A. Tokar and decedent married in 1971. After plaintiff filed for divorce in 1998, the parties agreed to submit disputed property issues to arbi-

---

[1] Although we address the issues raised in defendant's brief on appeal, we note that the motion at issue and this appeal, at a basic level, are faulty. First, decedent's attorney was without authority to act on behalf of decedent or defendant when he filed the motion because the motion was filed after decedent's death, but before the probate court issued letters of authority. *Henritzy v Gen Electric Co*, 182 Mich App 1, 7-8; 451 NW2d 558 (1990); see also MCR 2.202(A)(1)(b). Although the probate court issued the letters of authority before the trial court dismissed the action, there was no motion for substitution in the trial court. Thus, while decedent was the only defendant in the trial court, the personal representative of his estate is the only defendant on appeal. Despite our belief that this appeal and the motion filed in the lower court are procedurally faulty, we address the issues raised on appeal to conserve judicial resources because upon remand, the personal representative of the estate could be substituted for decedent and the motion brought before the trial court again. Our conclusion, regardless of whether the correct procedure was followed, would be the same.

tration. In relevant part, the "Stipulated Order for Arbitration" provided:

> 2. . . . For purposes of arbitration, the Arbitrator shall have all powers ordinarily conferrable by MCLA 600.5001 et seq. [sic] and as though she were sitting as a Circuit Court Judge in the County of Oakland. . . .
>
> 3. The award of the Arbitrator shall be confirmed as a judgement [sic] of this court pursuant to statute and shall be the Judgment of the Court in this cause.
>
> *       *       *
>
> 7. The parties further agree and stipulate . . . that such a proceeding is binding upon both parties and that the decision of the Arbitrator shall be final and have the same effect as if issued by the Circuit Judge assigned to this case.

After the arbitrator filed the "Findings of Fact Conclusions of Law and Award," but before the trial court entered a judgment of divorce, decedent died. Despite the death of his client, decedent's attorney filed a motion for confirmation of the arbitration award and entry of a judgment of divorce. The trial court denied the motion on the basis of the general rule that a court does not have jurisdiction to render a judgment of divorce after the death of a party.

### II. ANALYSIS

Defendant argues that the trial court erred in denying the motion to confirm the arbitration award for lack of jurisdiction. We disagree.

We review de novo a trial court's decision to enforce, vacate, or modify a statutory arbitration award. *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 496-497; 475 NW2d 704 (1991). We also review de novo jurisdictional issues. *Oberlies v*

*Searchmont Resort, Inc*, 246 Mich App 424, 426; 633 NW2d 408 (2001).

### A. JURISDICTION

The trial court did not err in denying the motion because the arbitration award, standing alone, did not operate to divorce the parties and, once decedent died, the trial court lacked jurisdiction to enter the divorce judgment. The most vital component of any divorce judgment is the formal dissolution of the marriage between the parties. A judgment of divorce cannot be entered unless there is evidence and a corresponding finding by the trial court "that there has been a breakdown in the marriage relationship to the extent that the objects of matrimony have been destroyed and there remains no reasonable likelihood that the marriage can be preserved." MCL 552.6(3). Only the trial court can find that the statutory grounds for divorce have been met. An arbitration agreement "does not purport to make of the arbitrator a judge 'acting under the color of right as a duly appointed judge.'" *Dick v Dick*, 210 Mich App 576, 580; 534 NW2d 185 (1995), quoting *Brockman v Brockman*, 113 Mich App 233, 238; 317 NW2d 327 (1982). Because the trial court retains ultimate control over a divorce action, an arbitration award, standing alone, does not have full force and effect unless and until the trial court enters a judgment of divorce based on that award.

The trial court's supremacy in all arbitrated actions is clearly established by the statutes and court rule governing arbitration. A stipulated agreement to arbitrate is subject to MCL 600.5001 *et seq.*; *Dick, supra* at

588.[2] Under MCL 600.5025, the trial courts "have jurisdiction to enforce the agreement and to render judgment on the award." The trial court's enforcement and review of arbitration agreements and awards are governed by MCR 3.602. According to MCR 3.602(I):

> An arbitration award filed with the clerk of the court designated in the agreement or statute within one year after the award was rendered may be confirmed by the court, unless it is vacated, corrected, or modified, or a decision is postponed, as provided in this rule.

Further, MCR 3.602(L) provides:

> The court shall render judgment giving effect to the award as corrected, confirmed, or modified. The judgment has the same force and effect, and may be enforced in the same manner, as other judgments.

These rules clarify the relationship between the trial court and the arbitration process. Unless the trial court vacates an arbitration award, it must enter a judgment on the award as corrected, confirmed, or modified. But equally clear is the fact that an arbitration award depends on the trial court to give it effect. The arbitration award is not effective until the trial court enters judgment on it. In a divorce case, when the parties agree to arbitrate issues of property distribution, spousal support, or child custody,[3] the trial court's judgment must incorporate an unvacated award, as corrected, confirmed, or modified, but only the trial court can adjudge the parties divorced.

---

[2] Since March 28, 2001, domestic relations arbitrations have been subject to the domestic relations arbitration act, MCL 600.5070 *et seq.*

[3] *Dick, supra* at 582-588; *Krist v Krist*, 246 Mich App 59; 631 NW2d 53 (2001).

Applying this reasoning to the present case, we conclude that the trial court properly denied the motion to confirm the arbitration award and enter a judgment of divorce. The arbitration award did not operate to divorce the parties and cannot substitute for a judgment of divorce entered by the trial court. When decedent's attorney brought the motion to confirm the arbitration award and enter a divorce judgment, the trial court no longer had jurisdiction to render a judgment of divorce because decedent had died. A court must have jurisdiction over both the parties to an award before an order confirming the award can be entered. "A court is without jurisdiction to render a judgment of divorce after the death of one of the parties. 'There must be living parties, or there can be no relationship to be divorced.' " *Tiedman v Tiedman*, 400 Mich 571, 576; 255 NW2d 632 (1977), quoting *Wilson v Wilson*, 73 Mich 620, 621; 41 NW 17 (1889).

### B. *TIEDMAN* EXCEPTIONS

Relying on *Tiedman, supra*, defendant argues that two exceptions to this jurisdictional rule apply: (1) after the arbitration award was filed, only the "ministerial act" of entering a divorce judgment remained, and (2) decedent acted in reliance on the award. We disagree.

First, the trial court's entry of the judgment of divorce would not have been merely ministerial. *Id.* at 577. At the time of the motion to confirm the arbitration award and enter a divorce judgment, the trial court had not yet made findings regarding the statutory grounds for divorce. Further, according to letters exchanged by the parties, the arbitration award failed

to resolve the division of household furnishings and the parties were still negotiating spousal support. The letters also indicated that the parties might return before the arbitrator to clarify ambiguities in the award. Moreover, before the judgment of divorce was entered, the parties had the option to reconcile or stipulate to an agreement entirely different from the arbitration award.

Second, defendant has not shown substantial reliance on the arbitration award. *Id.* at 571. Defendant argues that decedent's payoff of the mortgage on the marital home to prevent foreclosure constituted reliance. But the "Order After Arbitration Award" on which defendant relies, states:

> Defendant Thomas P. Tokar shall, from his own assets *anticipated to be awarded upon a judgment for divorce,* shall [sic] cause to immediately pay off the underlying mortgage on the former marital home . . . . [Emphasis added.]

Because this order explicitly anticipates the filing of a judgment of divorce to finalize the action, it does not support defendant's argument that decedent relied on the arbitration award as a final judgment. "[T]he amount of reliance required should be substantial. Meaningful proof of conduct indicating the parties themselves in good faith believed they were divorced is required." *Ensman v Ensman,* 86 Mich App 91, 96; 272 NW2d 176 (1978). After reviewing the record, we conclude that defendant failed to demonstrate the required reliance.

Affirmed.