# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* ESTATE OF JAMES E. RADER, JR.

---

DANYEL RADER,

       Petitioner-Appellee,

v

MARK RADER,

       Respondent-Appellant.

UNPUBLISHED
February 13, 2018

No.   335980
Macomb Probate Court
LC No.   2016-220913-DE

---

Before:  TALBOT, C.J., and METER and TUKEL, JJ.

PER CURIAM.

In this estate action, Mark Rader appeals as of right an order granting declaratory relief in favor of Danyel Rader.  We affirm.

The dispute in this estate action concerns the enforceability of a property settlement agreement reached in divorce proceedings initiated by decedent, James E. Rader, Jr., against Danyel.[1]  As part of the divorce proceedings, Danyel and decedent participated in mediation, which culminated in an agreement concerning the division of their shared assets.  The settlement agreement was reduced to writing; signed by Danyel, decedent, and their respective attorneys; and placed on the record in the circuit court.  After confirming the parties understood that the settlement agreement would be final and binding, the court found that the jurisdictional requirements and statutory grounds for divorce had been established.  The court directed the parties to prepare a judgment of divorce within 21 days and stated that, upon entry of the same, the divorce would be final.  The terms of the settlement agreement were incorporated into a proposed consent judgment of divorce.  However, before Danyel signed the consent judgment of

---

[1] Owing to his terminal illness, decedent was unable to personally participate in the divorce proceedings that are pertinent to this appeal.  As such, decedent's son, Mark, participated on behalf of decedent and executed the handwritten settlement agreement, acting under the authority of a durable power of attorney.

-1-

divorce, and before it was entered by the court, decedent passed away, and the divorce complaint was dismissed by the circuit court for lack of jurisdiction following decedent's death.

Thereafter, Danyel filed a petition for declaratory relief in the probate court, requesting that the court declare the settlement agreement null and void pursuant to the consent order that dismissed the divorce complaint. The probate court issued an opinion and order that granted the petition for declaratory relief in Danyel's favor. On appeal, Mark, who is decedent's son, challenges the probate court's order granting declaratory relief to Danyel, arguing that the settlement agreement that was reached during the divorce proceedings is valid and binding against Danyel.[2] We disagree.

Settlement agreements, including agreements concerning the division of property in a divorce, are construed as contracts.[3] Accordingly, such agreements are generally subject to "[t]he same legal principles that govern the construction and interpretation of contracts . . . ."[4] "The existence and interpretation of a contract involves a question of law that this Court reviews de novo."[5] Likewise, "[q]uestions of law relative to declaratory judgment actions are reviewed de novo, but the trial court's decision to grant or deny declaratory relief is reviewed for an abuse of discretion."[6]

In urging this Court to reverse the probate court's order, Mark argues that the enforceability of the settlement agreement hinges on the parties' intent and, in this case, there is ample evidence that the parties intended that the agreement be final and binding. Mark contends that *Kresnak v Kresnak*,[7] in which a proposed separate maintenance agreement was upheld after the death of one of the parties, is controlling in this case. In contrast, Danyel argues that

---

[2] In her appellate brief, Danyel contends that Mark does not have standing to appeal the probate court's decision, which could only be challenged by the successor personal representative of the estate. In order to have standing on appeal, the litigant must "have suffered a concrete and particularized injury" arising from "either the actions of the trial court or the appellate court judgment . . . ." *Federated Ins Co v Oakland Co Road Comm*, 475 Mich 286, 291-292; 715 NW2d 846 (2006). The probate court's order deprived the decedent's estate of property it would have held had the court found the settlement agreement in decedent's earlier divorce action enforceable. As an heir to the estate that would benefit from enforcement of the settlement agreement, it appears that Mark is an aggrieved party who has suffered a particularized injury and, thus, has standing to appeal the probate court's order.

[3] *Myland v Myland*, 290 Mich App 691, 700; 804 NW2d 124 (2010).

[4] *Id*.

[5] *Id*.

[6] *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 376; 836 NW2d 257 (2013).

[7] *Kresnak v Kresnak*, 190 Mich App 643; 476 NW2d 650 (1991).

*Tiedman v Tiedman*,[8] involving a settlement agreement that was invalidated following the death of one of the parties, controls.

In *Tiedman*, Mr. and Mrs. Tiedman placed their settlement agreement on the record in open court, and the parties gave testimony establishing the grounds for the divorce.[9] The trial court stated that it would "approve the property settlement as stated and upon presentation . . . sign the judgment of divorce."[10] However, Mr. Tiedman died before the judgment of divorce had been signed and entered, and Mrs. Tiedman moved to dismiss the complaint for divorce "on the ground that she was now a widow."[11] The trial court rejected the motion and entered a judgment of divorce nunc pro tunc.[12] This Court affirmed the trial court's ruling, but the Michigan Supreme Court reversed.[13] The Supreme Court held:

> [W]here it is contemplated that a judge's oral statement, that a divorce is or will be granted, will be followed by the signing of a judgment, the divorce and property settlement do not become effective until the judgment is signed and cannot be made effective nunc pro tunc after one of the parties dies.[14]

The Supreme Court observed that the trial court's oral pronouncement did not legally divorce the parties and it remained possible that, before a judgment of divorce was entered, the parties might reconcile, agree to abandon the divorce proceedings for other reasons, or disagree concerning the language employed in stating the terms of their settlement agreement.[15] Moreover, because Mr. Tiedman's death deprived the trial court of its jurisdiction to render a judgment of divorce, it could not order a related property settlement or provide for the payment of alimony.[16]

Later, in *Kresnak*, this Court reached a different result. In their divorce action, the parties reached an agreement whereby the complaint would be amended to seek separate maintenance, rather than divorce.[17] The agreement also set forth the manner in which the parties' assets and liabilities would be divided.[18] Once again, the settlement agreement was placed on the record

---

[8] *Tiedman v Tiedman*, 400 Mich 571; 255 NW2d 632 (1977).

[9] *Id*. at 573.

[10] *Id*. (quotation marks omitted).

[11] *Id*.

[12] *Id*.

[13] *Id*. at 574, 577.

[14] *Id*. at 573.

[15] *Id*. at 575.

[16] *Id*. at 576-577.

[17] *Kresnak*, 190 Mich App at 644-645.

[18] *Id*. at 645.

and both parties acknowledged their satisfaction with its terms.[19] The trial court approved the settlement agreement and orally "grant[ed] a judgment of separate maintenance, conforming with the agreement . . . ."[20] When Mr. Kresnak died before a written judgment could be entered, the personal representative of his estate filed a motion seeking enforcement of the settlement agreement, which was granted.[21]

Mrs. Kresnak appealed the trial court's ruling, arguing that Mr. Kresnak's death deprived the trial court of jurisdiction to enter a judgment of separate maintenance.[22] Like Danyel does in the instant appeal, Mrs. Kresnak argued that *Tiedman* controlled the case.[23] This Court disagreed and found *Tiedman* distinguishable on the basis that it involved a judgment of divorce, rather than a judgment of separate maintenance.[24] "[M]ost jurisdictions when dealing with this issue recognize a distinction between a judgment of divorce and a judgment of separate maintenance."[25] "Although a judgment of separate maintenance bears many similarities to a judgment of divorce, such a judgment does not terminate the marital relationship."[26]

Given this distinction, we must conclude that *Tiedman* is controlling in this dispute stemming from the enforcement of a settlement agreement made in contemplation of divorce. We acknowledge that, unlike in *Tiedman*, the settlement agreement in this case was also reduced to writing and signed by the parties before decedent's passing. Thus, it could be argued that the written settlement agreement is a separate contract in its own right. However, the trial court found, and we agree, that because the settlement agreement was to be incorporated into a judgment of divorce, the agreement has no effect, since decedent died before the judgment of divorce could be entered. The entry of the judgment of divorce essentially served as a condition precedent[27] to the enforcement of the settlement agreement. Because entry of a judgment of divorce became impossible following decedent's death,[28] the settlement agreement could not be incorporated therein or given effect as intended.

---

[19] *Id*.

[20] *Id*.

[21] *Id*. at 645-646.

[22] *Id*. at 646.

[23] *Id*.

[24] *Id.* at 648-649.

[25] *Id*. at 649.

[26] *Id*. at 645 n 1.

[27] A condition precedent "is a fact or event that the parties intend must take place before there is a right to performance . . . . If the condition is not satisfied, there is no cause of action for a failure to perform the contract." *Harbor Park Market, Inc, v Gronda*, 277 Mich App 126, 131; 743 NW2d 585 (2008) (quotation marks, citations, and footnote omitted).

[28] *Tiedman*, 400 Mich at 576.

Affirmed.

/s/ Michael J. Talbot
/s/ Patrick M. Meter
/s/ Jonathan Tukel