*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

S. BAXTER JONES,

UNPUBLISHED
November 25, 2025
2:10 PM

Plaintiff-Appellant/Cross-Appellee,

v

No. 370782
Washtenaw Circuit Court
LC No. 17-000632-NF

ESURANCE INSURANCE COMPANY,

Defendant-Appellee/Cross-Appellant.

Before: SWARTZLE, P.J., and ACKERMAN and TREBILCOCK, JJ.

PER CURIAM.

Plaintiff is appealing the trial court's order dismissing his claims against defendant, arguing that the trial court erred by granting defendant's motion for partial summary disposition relating to plaintiff's attendant-care claims for a 2005 automobile injury. In a cross-appeal, defendant argues that the trial court erred in denying defendant's motion for summary disposition on the basis of an intervening accident. The trial court's order is affirmed in part and reversed in part, and we affirm the dismissal of plaintiff's claims.

## I. BACKGROUND

Over twenty years ago, plaintiff, a Michigan resident, was involved in an automobile accident in Kentucky. Plaintiff sued defendant in Kentucky, seeking underinsured and uninsured motorist benefits and personal injury protection (PIP) benefits from defendant. After a lengthy procedural history, this case ended up in a trial court in Washtenaw County. See *Jones v Esurance Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued February 25, 2021 (Docket No. 351772); *Jones v Esurance Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued October 25, 2018 (Docket No. 339410).

Alleging breach of contract against defendant and requesting declaratory relief, plaintiff claimed that he sustained injuries in the 2005 automobile accident, including suffering from traumatic brain injury, temporomandibular joint disorder, and injuries to his neck, back, right knee, left elbow, and right shoulder. Plaintiff claimed that, as a result of the crash, he had incurred expenses for medical care, lost wages, replacement services, attendant care, and other PIP benefits.

-1-

In 2022, the trial court granted a motion by defendant for partial summary disposition as to claims incurred before July 7, 2016.

Defendant then moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff could not establish that his damages arose from the 2005 crash rather than a subsequent intervening event. Specifically, defendant explained that in 2017, plaintiff sued the city of Detroit in federal court, complaining of the same injuries after he was purportedly injured following an arrest during a protest in 2014. Defendant argued that the 2014 incident was an intervening event that severed defendant's liability for plaintiff's PIP claims. In support, defendant argued that plaintiff returned to work seven months after the 2005 crash, which demonstrated that any present injuries were not a result of the crash. Moreover, a 2010 neurological examination was normal and demonstrated that plaintiff was not paralyzed. In 2013, plaintiff had presented to Wayne Neurology complaining of radiating neck pain, but he did not mention any paralysis; he requested a wheelchair from Dr. Nilofer Nisar.

Defendant also moved for partial summary disposition under MCR 2.116(C)(10) as to plaintiff's attendant-care claim. Defendant alleged that plaintiff and one of his care providers, Peggy Hong, devised a scheme to defraud defendant using attendant-care logs. According to defendant, "Hong was the ringleader of an advocacy group named Advocates 4 Baba Baxter-Jones." Defendant conducted depositions of dozens of individuals who were identified on, and had signed, the care logs, but almost every person testified that they were not seeking payment from plaintiff and were, instead, helping him on a volunteer basis, or they testified that the logs were not accurate. Hong testified in her deposition that she had begun working for an agency in 2017 that paid her for providing services to plaintiff through Medicaid. Plaintiff, however, submitted the forms to defendant, indicating that the individuals had agreements with plaintiff that they would receive payment for the services.

Shortly before defendant's motions for summary disposition, plaintiff's trial counsel withdrew. Plaintiff's new counsel did not file the response to defendant's motions with the trial court, but instead, sent an e-mail that included a "Google Doc" link with the response to defendant and the trial court. In his response, plaintiff argued that the 2014 incident did not relieve defendant of liability. Plaintiff argued that "at least two thirds of what we are asking for rests on [defendant]. That in itself is a Genuine Issue of Material Fact." Further, plaintiff asserted that he was "not on trial here" and only needed to raise one genuine issue of material fact. Plaintiff argued that he had "suffered a major threshold injury that impaired his ability to lead his normal life," and the remaining issues involved who was responsible and what were his remaining damages, including if plaintiff required full attendant care.

During a hearing on defendant's motions, the trial court asked plaintiff's counsel if her response was intended to respond to both of defendant's motions. Plaintiff's counsel stated that she did not realize that there were two motions. When the trial court stated that there were two motions for summary disposition, plaintiff's counsel stated that she was prepared for both. Defense counsel argued that plaintiff's response did "not adequately address or create any question of material fact" supported by evidence. Plaintiff's counsel argued that there were nine genuine issues of material fact, including, in part, whether defendant was responsible for the attendant-care expenses, whether plaintiff could demonstrate impairment, and "whether the intervening incident was so egregious that it affects [plaintiff]." Plaintiff's counsel argued that plaintiff's injuries made

him vulnerable to illness and that plaintiff was ready for trial in three weeks.  Further, plaintiff's counsel argued that "the intervening incident" did not relieve defendant of responsibility, as plaintiff had been "in a wheelchair more than a decade before" the 2014 incident.

Defense counsel asserted that defendant had met the initial burden of proof, and plaintiff had failed to present conflicting evidence.  In response, plaintiff's counsel argued that they were "not on trial here," and the burden was on defendant as the moving party.  Plaintiff's counsel asserted that she could "show this all at trial."

The trial court stated that it had noted the providers that defendant was challenging to include "Jaxton Bass, Natalie Gerzbeck, Dessa Causeman, Angela Honacki, Julia Sosin, Ia Anita, Katherine Brown, and Aladdin Salameen."  The trial court asked if there were other providers who defendant did not depose or that the trial court should consider.  Defense counsel asserted that he did not "get to depose everyone because there were just multiple people thrown out there with, you know, statements made."  Plaintiff's counsel interposed that there were additional attendant-care providers.  The trial court asked defense counsel if he had deposed individuals different from those that the trial court named whose testimony supported the attendant-care claims.  Defendant's counsel responded, "There were some individuals, yes, your Honor."

Accordingly, the trial court stated that it would grant summary disposition for the claims of care by "Bass, Gerzbeck, Causeman, Honacki, Sosin, Anita, Brown, and Salameen for the reasons stated in defendant's brief that those folks did not expect to be paid for the work and did it as volunteers.  To the extent there are other folks who provided attendant care I'll deny summary disposition as to those."  As to intervening cause, the trial court denied summary disposition on the basis that a jury could find that the second incident caused plaintiff's injuries, but "that will be left to the jury."  The trial court asked defense counsel to prepare an order.

The trial court's subsequent order stated, in relevant part:

> IT IS HEREBY ORDERED that Defendant's Motion for Summary Disposition pursuant to claims for attendant care from Kira Appleman, Corey Wellik, Kathleen Carey, Jazten Bass, Natalie Gersabeck, Dessa Cosma, Angela Hojnacki, Iye Inaede, Katherine Brown, Aladdin Salman, Julia Sosin, Peggy Gwi-Seok Hong, Jacquelyn Devose, Dawn Cebellos, Charnis Pickels, Timea Krishok, Latosha Thomas, Larry Ray, Cheryl Davis, Kodjo Lee, Tiffany Haney, and Desmonique Carr are barred for the reasons stated in Defendant's motion that Plaintiff cannot make any claims of attendant care as to those individuals.
>
> IT IS FURTHER ORDERED that as it relates to Defendant's Motion for Intervening Accident, Defendant's motion is denied as the Court has determined that it is a question of fact.

The order indicated that the parties stipulated as to form and content.

Plaintiff, with different trial counsel, subsequently moved the trial court to revise the order under MCR 2.604 or for relief from judgment under MCR 2.612.  Plaintiff argued defendant had moved for summary disposition when plaintiff was without counsel and so, plaintiff had to acquire substitute counsel who was unfamiliar with no-fault law and did not have access to the full case

file. Further, he argued that if his trial counsel had the information available, she would have discovered misrepresentations that defendant made in its motion and demonstrated that Hong, plaintiff's main care provider, had testified that she was expecting payment for her services and had not been paid. At the hearing on the motion, the trial court explained that its dismissal of portions of plaintiff's attendant-care claim "was not based just upon [Hong's] testimony," but also on the basis of the testimony of other providers who testified that they helped plaintiff on a volunteer basis. Accordingly, "even" Hong's affidavit did not "save" plaintiff. The trial court denied plaintiff's motion.

Defendant then moved for partial summary disposition of plaintiff's attendant-care claims on the basis that the trial court had already dismissed the claimed providers, summary disposition for lack of damages, and summary disposition for lack of standing due to plaintiff's bankruptcy. Ultimately, the trial court entered an order of dismissal for the case on April 15, 2024. This order preserved the rights of the parties to appeal any prior rulings in the case. The parties now appeal.

II. ANALYSIS

Plaintiff first argues that the trial court erred by entering an order dismissing Hong's attendant-care claim. "We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020). "When deciding a motion for summary disposition under MCR 2.116(C)(10), we consider the evidence submitted in a light most favorable to the nonmoving party." *Payne v Payne*, 338 Mich App 265, 274; 979 NW2d 706 (2021). "Summary disposition is appropriate when there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. (cleaned up).

"Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter." MCL 500.3105(1). PIP benefits are available for "[a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a). To recover "allowable expenses" under MCL 500.3107(1)(a), a plaintiff must demonstrate that: "(1) the charge for the service was reasonable, (2) the expense was reasonably necessary and (3) the expense was incurred." *Williams v AAA Mich*, 250 Mich App 249, 258; 646 NW2d 476 (2002). "Where a plaintiff is unable to show that a particular, reasonable expense has been incurred for a reasonably necessary product and service, there can be no finding of a breach of the insurer's duty to pay that expense, and thus no finding of liability with regard to that expense." *Nasser v Auto Club Ins Ass'n*, 435 Mich 33, 50; 457 NW2d 637 (1990).

"[E]ven if a claimant can show that services were for his care and were reasonably necessary, an insurer is not obliged to pay any amount except upon submission of evidence that services were *actually rendered* and of the *actual cost expended*." *Douglas v Allstate Ins Co*, 492 Mich 241, 266-267; 821 NW2d 472 (2012) (cleaned up). Our Supreme Court has explained that "[t]o 'incur' means to become liable or subject to, especially because of one's own actions." *Proudfoot v State Farm Mut Ins Co*, 469 Mich 476, 484; 673 NW2d 739 (2003) (cleaned up). For charges to have been "'incurred' requires some degree of liability that exists as a result of the

insured's actually having received the underlying goods or services." *Douglas*, 492 Mich at 267. "The fact that charges have been incurred can be shown by various means, including a contract for products and services or a paid bill." *Id*. at 268 (cleaned up). In *Burris v Allstate Ins Co*, 480 Mich 1081, 1081; 745 NW2d 101 (2008), our Supreme Court held, "The evidence failed to establish that the attendant care providers expected compensation for their services. Therefore, the evidence failed to establish that the plaintiff 'incurred' attendant care expenses."

Through its motion and reliance on deposition testimony, defendant demonstrated that plaintiff did not incur expenses. The care providers on the care logs testified that they did not expect compensation for their care of plaintiff, were paid by other sources for their services, or did not remember ever performing any form of service for plaintiff. Even Hong testified that she was paid by an agency for at least some of her care of plaintiff.

As defendant argues on appeal and argued in the trial court, plaintiff did not rebut defendant's motion for summary disposition with his response. In fact, plaintiff never *filed* a response brief at all, although it is clear from the record that his counsel sent it to defendant and the trial court. Even considering the response, however, plaintiff failed to raise a genuine question of material fact that the expenses were actually incurred. See *Douglas*, 492 Mich at 272-274 (holding that an award for attendant-care expenses could not be sustained without evidence that the charges were incurred). Plaintiff admits on appeal that plaintiff's trial counsel's response to defendant's motion "did not address the core issues of the motion—whether or not compensable attendant care existed."

Further, as defendant argues on appeal, plaintiff attempts to enlarge the record by relying on exhibits that he did not include in his response to defendant's motions for summary disposition. "This Court disregards documents attached as exhibits on appeal that were not made part of the record below." *Butler v Ramco-Gershenson, Inc*, 214 Mich App 521, 526 n 4; 542 NW2d 912 (1995). Accordingly, this Court will not consider the improperly submitted records. In response to defendant's motion for summary disposition, plaintiff included only a picture of the case files, various medical records, and a letter from a therapist. These exhibits were not responsive to defendant's arguments, and they did not demonstrate that plaintiff was entitled to payment for any attendant-care claims. Because plaintiff failed to present documentary evidence and raise a genuine issue of material fact, defendant was entitled to summary disposition. See *Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996).

Plaintiff also argues on appeal that the trial court did not include the dismissal of Hong's claims in its oral ruling. The order granting defendant's partial motion for summary disposition as to attendant care includes Hong and others that the trial court did not name explicitly at the hearing. Plaintiff's trial counsel, after reviewing and making a revision to the order, stipulated as to its form and content. "A stipulation is an agreement, admission, or concession made by the parties in a legal action with regard to a matter related to the case." *In re Koch Estate*, 322 Mich App 383, 402; 912 NW2d 205 (2017), lv den 503 Mich 858 (2018) (cleaned up). "This Court will construe a stipulation using the same principles applicable to a contract." *VHS Huron Valley Sinai Hosp v Sentinal Ins Co*, 322 Mich App 707, 716; 916 NW2d 218 (2018), lv den 508 Mich 924 (2021).

On appeal, plaintiff relies on *Tiedman v Tiedman*, 400 Mich 571, 576; 255 NW2d 632 (1977), to argue that a court speaks through its written orders, not through oral pronouncements or statements from counsel. Plaintiff argues that the May 2023 order included a provision, regarding Hong, that the trial court did not intend, and that plaintiff's trial counsel signed the order without being aware that the dismissal of Hong's claims was included in the order. The record demonstrates, however, that plaintiff's trial counsel responded to defendants' motions and attended the hearing, after which defendant sent the proposed order to trial counsel for review, and she agreed to its form and content. Plaintiff has not demonstrated that plaintiff's trial counsel was unaware of what she was approving. "[T]o the extent that the trial court's oral pronouncement varied from the actual order, the order controls." *Cassidy v Cassidy*, 318 Mich App 463, 509; 899 NW2d 65 (2017), lv den 501 Mich 908 (2017).

To be clear, plaintiff's trial counsel's stipulation to form and content is not a waiver of the matter, nor is it to be treated as an approval of the trial court's ruling. See *Roberts v Farmers Ins Exch*, 275 Mich App 58, 71; 737 NW2d 332 (2007). Rather, the stipulation as to form and content is an indication that plaintiff "approved of the content" of the trial court's order "as being reflective of the trial court's earlier oral ruling." *Id*. at 73.

In *Jones v Jones*, 320 Mich App 248, 261; 905 NW2d 475 (2017), this Court held that the trial court erred when it rejected the defendant's objections to a written order that did not comport with the trial court's oral ruling. This Court explained that, under MCR 2.602(B)(3), a written order must comport with earlier oral pronouncements. *Id*. at 261 n 5. MCR 2.602(B)(3) provides that a trial court shall sign and enter a proposed judgment that a party served upon the parties if no objections were filed within seven days and the trial court determines that the order comports with the trial court's decision. Similarly, under MCR 2.602(B)(2), a trial "court shall sign the judgment or order when its form is approved by all the parties and if, in the court's determination, it comports with the court's decision."

As defendant argues on appeal, the trial court stated that it "took note" of the providers that defendant was challenging, but the trial court's stated list did not include all the providers that defendant challenged in its motion. Defendant sought dismissal of plaintiff's attendant-care claims in their entirety and argued against Hong's claims in its motion for summary disposition. In these circumstances, plaintiff has not demonstrated that defendant misrepresented the trial court's oral ruling or that the trial court erred by granting defendant's motion.

Additionally, plaintiff argues that the trial court erred by not revising the order or providing relief from judgment. This Court reviews for an abuse of discretion a trial court's decision on a motion for reconsideration. *Sanders v Perfecting Church*, 303 Mich App 1, 8; 840 NW2d 401 (2013). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Hecht v Nat'l Heritage Academies, Inc*, 499 Mich 586, 604; 886 NW2d 135 (2016). A party must demonstrate "that the same basis for the error claimed on appeal was brought to the trial court's attention." *Tolas Oil & Gas Exploration Co v Bach Servs & Manufacturing, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023). Plaintiff failed to raise this specific issue in the trial court, either in his motion for relief or at the hearing on the motion. Plaintiff argued that defendant failed to acknowledge Hong's testimony about expecting payment, but did not argue that defendant misrepresented the oral ruling. Accordingly, the matter is waived and this Court will not address the argument any further. See *id*. at 289, 294.

-6-

Finally, defendant argues on cross-appeal that the trial court erred when it denied defendant's motion for summary disposition. "[A] no-fault insurer is liable to pay benefits only to the extent that the claimed benefits are causally connected to the accidental bodily injury arising out of an automobile accident." *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 531; 697 NW2d 895 (2005).

Plaintiff's response to defendant's motions for summary disposition was not responsive to defendant's specific arguments, including defendant's argument that plaintiff was injured again in 2014 and that incident constituted an intervening event that warranted dismissal of plaintiff's claims against defendant. Defendant demonstrated that plaintiff was claiming the same injuries in his federal lawsuit as a result of the 2014 incident as he was claiming in this case. Additionally, defendant demonstrated that, in 2010, plaintiff was able to walk and had a normal neurological exam, which was after the 2005 crash. Moreover, although Dr. Nisar prescribed plaintiff with a wheelchair in 2013, she testified that plaintiff was not paralyzed.

In response, plaintiff argued that the 2014 incident did not relieve defendant of liability and that, although "[l]ife and incidents occur," plaintiff could "prove with Reasonableness that at least two thirds of what [plaintiff was] asking for rests on [defendant]." Plaintiff claimed, "That in itself is a Genuine Issue or Material Fact." Further, plaintiff claimed that he was "not on trial here at this moment in time" and only needed to present one genuine issue of material fact. Crucially, as explained earlier, plaintiff did not file the response, though he did send it to defendant.

The trial court's role was to "consider[] the substantively admissible evidence *actually proffered* in opposition to the motion." *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999) (emphasis added), reh den 461 Mich 1205 (1999). The trial court could "not employ a standard citing the mere possibility that the claim might be supported by evidence produced at trial. A mere promise is insufficient under our court rules." *Id*. Here, the trial court denied summary disposition as to causation because, although a jury could find that the 2014 incident caused plaintiff's injury, "that will be left to the jury." The trial court did not identify, however, what evidence supported plaintiff's position that a genuine question of fact remained. It is conceivable that injuries sustained in 2005 worsened over time, but defendant demonstrated in its motion for summary disposition that there was no *genuine* question of material fact about whether plaintiff was claiming benefits as a result of the 2005 crash. Particularly when plaintiff did not respond properly to defendant's motion.

Plaintiff was already in a wheelchair at the time that he was injured in 2014, but defendant demonstrated that, after the 2005 crash, plaintiff had returned to work. Further, plaintiff could walk when he had his neurological examination in 2010, and plaintiff engaged in medical appointments without a wheelchair until at least 2013. Plaintiff did not rebut defendant's arguments or demonstrate that his injuries were related to the 2005 crash, and plaintiff did not claim any specific expenses after July 7, 2016, that were the result of the 2005 crash. The records that plaintiff provided with his response demonstrated ongoing medical care, but they did not rebut defendant's position that plaintiff's present injuries and services since July 7, 2016, were not the result of the 2005 crash. As defendant argues on appeal, the February 8, 2017 medical report that plaintiff submitted demonstrated that he also fell on May 13, 2015, and sustained a head injury, further reducing the strength of plaintiff's position. Because plaintiff failed to present

documentary evidence and raise a genuine issues of material fact, defendant was entitled to summary disposition. See *Quinto*, 451 Mich at 363.

### III. CONCLUSION

The trial court did not err in dismissing plaintiff's attendant-care claims when plaintiff did not demonstrate that he was entitled to payment for any attendant-care claims, including Hong's. But, defendant's motion for summary disposition should have been granted on the basis of causation. Therefore, we affirm in part and reverse in part, and we direct the trial court on remand to enter summary disposition for defendant consistent with this opinion. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Matthew S. Ackerman
/s/ Christopher M. Trebilcock