*In re* COMBS ESTATE

Docket No. 237358. Submitted May 13, 2003, at Lansing. Decided July 24, 2003, at 9:00 A.M. Leave to appeal sought.

Elaine V. Hamilton, as personal representative of the estate of Ellen Combs, obtained a $160,000 settlement in connection with a wrongful death action brought on behalf of the estate after Combs died from injuries she sustained in an automobile accident. Hamilton proposed that the settlement be split equally among Combs' four children pursuant to the terms of Combs' will. Eloise Elser and Louise Michael, the children of Combs' deceased husband and Combs' stepchildren, filed an objection to the distribution in the Branch County Probate Court, Frederick L. Wood, J., arguing that they were entitled to a share of the proceeds from the wrongful death action under MCL 600.2922(3). The probate court concluded that § 2922 did not grant children of a deceased spouse standing to assert a claim against the proceeds of a wrongful death action. The stepchildren, Elser and Michael, appealed.

The Court of Appeals *held*:

Pursuant to the plain language of MCL 600.2922(3), Combs' stepchildren are not "children of the deceased's spouse" entitled to a share in the wrongful death action damages under subsection 2922(3)(b), because Combs had no living "spouse" at the time of her death since her husband, the stepchildren's father, predeceased her.

Affirmed.

WHITE, J., dissenting, stated that MCL 600.2922(3) is ambiguous with regard to whether "the children of the deceased's spouse" refers only to the children of a surviving spouse of the deceased, and would not hold that the children of the deceased's deceased spouse are never proper claimants under subsection 2922(3)(b).

ACTIONS — WRONGFUL DEATH — PERSONS ENTITLED TO DAMAGES

The children of a decedent's deceased spouse, who are not children of the decedent, are not entitled to damages in a wrongful death action concerning the decedent's death. (MCL 600.2922[3][b].)

*Stevens & Hayes* (by *Joseph W. Hayes*) for the estate of Ellen Combs.

*Patrick K. Rocchio* for Eloise Elser and Louise Michael.

Before: WHITBECK, C.J., and WHITE and DONOFRIO, JJ.

WHITBECK, C.J. Appellants Eloise Elser and Louise Michael appeal as of right an order distributing the proceeds from a wrongful death action to decedent Ellen Combs' children. Because we conclude that appellants are not "children of the deceased's spouse" under MCL 600.2922(3)(b), we affirm. We decide this case without oral argument pursuant to MCR 7.214(E).

I. BASIC FACTS AND PROCEDURAL HISTORY

Ellen Combs was involved in an automobile accident on December 16, 1998, and died on December 27, 1998, from injuries she sustained in the accident. In a will dated September 14, 1992, Combs left her property in equal shares to her four children. Combs' husband, Arlie Combs, was the father of appellants, and Combs was their stepmother. Arlie Combs predeceased Ellen Combs, dying on July 31, 1992.

The estate pursued a wrongful death action against the other driver involved in the accident. The action was settled for $160,000. Appellee Elaine Hamilton, personal representative of Combs' estate, proposed an equal division of the estate among the four children. Appellants filed an objection, asserting that they were entitled to a share of the proceeds under § 2922. Hamilton argued that appellants lacked standing to assert an interest in the proceeds of the wrongful

death action. The probate court agreed, concluding that § 2922 did not grant children of a deceased spouse standing to assert a claim on the proceeds of the wrongful death action.

## II. STANDARD OF REVIEW

The interpretation of a statute is a question of law that we review de novo.[1]

## III. MCL 600.2922(3)

Appellants assert that they are entitled to a portion of the proceeds of the wrongful death action under subsection 2922(3), which provides in part:

> (3) Subject to sections 2802 to 2805 of the estates and protected individuals code, 1998 PA 386, MCL 700.2802 to 700.2805, the person or persons who may be entitled to damages under this section shall be limited to any of the following who suffer damages and survive the deceased:
>
>   (a) The deceased's spouse, children, descendants, parents, grandparents, brothers and sisters, and, if none of these persons survive the deceased, then those persons to whom the estate of the deceased would pass under the laws of intestate succession determined as of the date of death of the deceased.
>
>   (b) The children of the deceased's spouse.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature.[2] The first step in determining legislative

---

[1] *In re MCI Telecom Complaint*, 460 Mich 396, 413; 596 NW2d 164 (1999).

[2] *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998).

intent is to review the language of the statute.[3] If the language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute as written.[4]

Applying the plain meaning of this provision to the facts of this case, we conclude that appellants are not the "children of the deceased's spouse" because the deceased, Ellen Combs, had no spouse at the time of her death. A "spouse" is a married person.[5] In this case, Arlie Combs, Ellen Combs' husband, had passed away several years earlier, and his death ended their marriage.[6] For this reason, we conclude that appellants are not entitled to a portion of the proceeds of the wrongful death action under MCL 600.2922(3).

Affirmed.

DONOFRIO, J., concurred.

WHITE, J. (*dissenting*). I respectfully dissent. The statute is ambiguous. While the introductory portion of MCL 600.2922(3) makes clear that only those persons who survive the deceased are entitled to damages, subsection 2922(3) does not clarify whether "the children of the deceased's spouse" refers only to the children of a surviving spouse of the deceased. Because the statute is ambiguous, and the court has the ability to determine which children of a deceased

---

[3] *In re MCI, supra* at 411.

[4] *Stanton v Battle Creek*, 466 Mich 611, 615; 647 NW2d 508 (2002).

[5] See *Cornwell v Dep't of Social Services*, 111 Mich App 68, 70; 315 NW2d 150 (1981), citing *Webster's New Collegiate Dictionary* (1976).

[6] See, e.g., *Tiedman v Tiedman*, 400 Mich 571, 576; 255 NW2d 632 (1977); *Byington v Byington*, 224 Mich App 103, 109; 568 NW2d 141 (1997) ("Marriage is a status that legally terminates . . . upon the death of a spouse or upon entry of a judgment of divorce.").

spouse truly suffered loss,[1] and which did not, I would not hold that the children of the deceased's deceased spouse are never proper claimants under subsection 2922(3)(b).

---

[1] In some cases, the relationship between the children of the deceased's deceased spouse may be the deceased's primary familial relationship; e.g., where the deceased has no children of his or her own, or is estranged from those children, and has had a close relationship with his or her deceased spouse's children. Or, even where the deceased has children, the marriage with the deceased spouse may have been long-term and the two families thoroughly integrated to the point where all children related to both spouses as their "parents" until and after the death of the deceased's spouse; or the potential claimants may be minors who had been raised by their natural parent and the deceased, and had continued to live with the deceased after their parent's death.