# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Estate of CLIFFMAN.

---

PHILLIP CARTER, ELMER CARTER, DAVID CARTER, and DOUG CARTER,

       Appellants/Cross-Appellees,

v

RICHARD D. PERSINGER, Personal Representative of the Estate of GORDON JOHN CLIFFMAN,

       Appellee,

and

BETTY WOODWYK and VIRGINIA WILSON,

       Appellees/Cross-Appellants.

UNPUBLISHED
June 9, 2015

No. 321174
Allegan Probate Court
LC No. 13-058358-DE

---

Before: HOEKSTRA, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Appellants/cross-appellees Phillip, Elmer, David and Doug Carter appeal as of right the probate court's order granting appellees/cross-appellants Betty Woodwyk and Virgina Wilson's petition for declaratory relief, which precluded appellants from sharing in a wrongful-death settlement. Appellees/cross-appellants cross-appeal the order denying Woodwyk's motion to set aside an earlier order approving the settlement as well as attorney fees paid from the settlement. Because appellants are not entitled to a share in the proceeds of the wrongful-death settlement and the trial court did not err by approving a disputed attorney referral fee, we affirm.

On October 2, 2012, John Gordon Cliffman died from injuries he suffered in an automobile accident. It is undisputed that Cliffman had no children, he died intestate, and his wife Betty Carter died in 1996. Appellants are Betty Carter's sons, and appellees Woodwyk and Wilson are Cliffman's sisters.

-1-

The probate court appointed Phillip Carter as personal representative of the Estate. Phillip hired attorney Jeffrey Buckman to represent the Estate in a wrongful-death action and agreed that Buckman would receive a contingency fee of one-third of what he obtained on behalf of the Estate. Phillip also hired attorney Kenneth Puzycki at an hourly rate to perform the necessary services to process the Estate through probate.

On December 18, 2013, the probate court approved a settlement between the Estate, Progressive Insurance Company, and Citizens Insurance Company. This settlement resulted in $300,000 for the estate minus a one-third contingency fee paid to Buckman. From his contingency fee, Buckman also paid Puzycki a referral fee. Woodwyk then moved the probate court to set aside its December 18, 2013 order approving the settlement, alleging that, among other matters, the referral fee paid by Buckman to Puzycki was improper because the Estate was already paying Puzycki an hourly rate. The probate court denied the motion, stating that the referral fee to Puzycki did not harm the Estate; rather, fee sharing was standard practice and burdened only Buckman because the Estate would be paying the same percentage regardless.

Thereafter, Woodwyk and Wilson petitioned the probate court to declare that appellants could not claim a share of the proceeds from the wrongful-death settlement, arguing that, pursuant to *In re Combs Estate*, 257 Mich App 622; 669 NW2d 313 (2003), appellants could not recover damages under MCL 600.2922(3)(b) because their mother, Betty Carter, predeceased Cliffman. The probate court granted Woodwyk and Wilson's petition. Appellants now appeal as of right seeking a share in the wrongful-death settlement, and appellees have filed a cross appeal challenging the propriety of the referral fee Buckman paid to Puzycki.

On appeal, appellant's claim that they are entitled to share in the wrongful-death settlement proceeds because, under MCL 600.2922(3)(b), when there has been a settlement of a wrongful death claim, "[t]he children of the deceased's spouse" may be entitled to a share in the recovery if they suffered damages and survived the deceased. This argument is plainly without merit, however, because the issue of whether a decedent's stepchildren may share in a recovery from a wrongful-death settlement, when their parent who was married to the decedent has predeceased the decedent, was unequivocally settled by this Court in *In re Combs Estate*, 257 Mich App at 625. There, this Court considered the plain language of MCL 600.2922(3)(b) and succinctly explained that the term "spouse" refers to "a married person." *Id.*, citing *Cornwell v Dempsey*, 111 Mich App 68, 70; 315 NW2d 150 (1981). As a matter of law, it is well-settled in Michigan that the death of a spouse terminates a marriage. See *In re Certified Question from US Dist Court for W Mich*, 493 Mich 70, 79; 825 NW2d 566 (2012); *Tiedman v Tiedman*, 400 Mich 571, 576; 255 NW2d 632 (1977); *Byington v Byington*, 224 Mich App 103, 109; 568 NW2d 141 (1997). Given that death terminates a marriage, upon one party's death, the individuals are no longer married and the surviving individual no longer has a "spouse" within the meaning of MCL 600.2922(3)(b). *In re Combs Estate*, 257 Mich App at 625. As a result, stepchildren are not entitled to damages under MCL 600.2922(3)(b) when their parent, who was married to the decedent, has predeceased the decedent because these children are not "children of the deceased's *spouse*." *In re Combs Estate*, 257 Mich App at 625.

It follows that, in this case, appellants are not entitled to a share in the wrongful-death settlement proceeds because their mother predeceased Cliffman in 1996, meaning that, at the time of his death in 2012, Cliffman had no "spouse" and thus there are no spouse's children

entitled to recovery under MCL 600.2922(3)(b). See *In re Combs Estate*, 257 Mich App at 625. Indeed, appellants do not contest that this Court's holding in *In re Combs Estate* precludes their recovery under MCL 600.2922(3)(b). Instead, appellants argue that *In re Combs Estate* was wrongly decided. *In re Combs Estate* is, however, binding precedent of this Court. See MCR 7.215(J)(1). Moreover, we do not disagree with *In re Combs Estate*, and we decline appellants' request to express such disagreement or to convene a special panel on this issue. See MCR 7.215(J)(2), (3). In short, under binding appellate precedent, appellants are not entitled to recovery under MCL 600.2922(3)(b), and thus the trial court did not err by concluding that they could not share in the wrongful-death settlement proceeds at issue in this case.

Next, in their cross-appeal, Woodwyk and Wilson argue that the probate court erred by determining that the referral fee paid by Buckman to Puzycki was valid. Contrary to this assertion, MRPC 1.5(e) permits attorneys who do not work in the same firm to divide a fee between each other. See *Morris & Doherty, PC v Lockwood*, 259 Mich App 38, 45; 672 NW2d 884 (2003). Specifically, "[a] division of a fee between lawyers who are not in the same firm may be made only if: (1) the client is advised of and does not object to the participation of all the lawyers involved; and (2) the total fee is reasonable." MRPC 1.5(e). Here, at all relevant times, the client was Philip acting as personal representative of the Estate. Appellees offer no evidence to indicate that Philip was unaware of the referral fee or that he objected to this fee or Puzycki's participation. Indeed, at this time it is Woodwyk and Wilson, not Philip, objecting to this fee. Moreover, Woodwyk and Wilson also do not argue that the one-third contingency fee to Buckman is unreasonable. And, indeed, "the receipt, retention, or sharing" of a one-third contingency fee in a wrongful-death case is "deemed fair and reasonable" according to MCR 8.121(A) and (B). Thus, it appears that MRPC 1.5(e) permits Buckman to pay Puzycki a referral fee from his contingency fee.

Woodwyk and Wilson complain on appeal that Puzycki's referral agreement with Buckman was not specifically set forth in writing. However, Buckman's contingent fee agreement with the Estate was set forth in writing as required by MCR 8.121(F) and MCR 5.313(B), and appellees point to no authority requiring that the referral-fee agreement between Puzycki and Buckman also be in writing. Indeed, it is not disputed that the referral fee to Puzycki was paid from Buckman's contingency fee rather than from the Estate. Therefore, even if the referral-fee agreement were invalid, it is unclear why Woodwyk and Wilson contend that this referral fee should revert to the Estate rather than to Buckman given that Buckman had a written agreement to receive one-third of the settlement and Puzycki was paid from Buckman's existing fee. Woodwyk and Wilson make no argument to support this contention and have thus abandoned it. *Gentris v State Farm Mut Auto Ins Co*, 297 Mich App 354, 366-367; 824 NW2d 609 (2012). In sum, because there is no indication that Philip was unaware of, or objected to, Puzycki's referral fee, and because the total fee agreement was reasonable, the probate court properly held that the referral fee was valid. MRPC 1.5(e).

Affirmed.

/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell
/s/ Christopher M. Murray